IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS MICHAEL EASTER,

        Petitioner,

v.

JERI TAYLOR,

        Respondent.

Case No. 2:14-cv-00999-HZ

OPINION AND ORDER

Tonia L. Moro
Attorney at Law P.C.
19 South Orange Street
Medford, Oregon 97501

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court Sexual Abuse conviction from 2006 and resulting life sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed as untimely.

## BACKGROUND

In August 1989, petitioner entered a guilty plea to Rape in the Second Degree in Jackson County. In exchange for his guilty plea, the court allowed him to enter into a deferred sentencing agreement whereby it required him to adhere to certain probationary conditions for a period of two years. If he failed to satisfy the probationary conditions, he would be summoned to appear in court for imposition of a sentence on the Rape II charge. However, if he satisfied the probationary conditions for the two-year duration, the prosecutor would so inform the court "and the court shall dismiss with prejudice the criminal charge herein." Petitioner's Exhibit 3, p. 2. Petitioner complied with the terms of his probation and avoided a prison sentence.

In the summer of 2004, petitioner was indicted on four counts of Sexual Abuse in the First Degree pertaining to incidents involving two girls under the age of 14.[1] The case proceeded to trial in 2005 where a jury returned guilty verdicts as to all four charges, and the trial court sentenced petitioner to 150 months in prison.

---

[1] These convictions were previously at issue in this District in *Easter v. Franke*, Case No. 2:11-cv-00906-JE.

2 - OPINION AND ORDER

In 2006, while incarcerated based upon the 2005 convictions, the Jackson County Grand Jury indicted petitioner on six counts of Sexual Abuse in the First Degree, and one count each of Sodomy in the First Degree, Unlawful Sexual Penetration in the Second Degree, and Rape in the First Degree. Respondent's Exhibit 102. Petitioner elected to enter a guilty plea to one count of Sex Abuse I, and signed a plea agreement wherein he acknowledged that, although the statutory maximum for his crime was 10 years, the presumptive sentence in his case was life in prison. Respondent's Exhibit 103. Petitioner was subject to the true life sentence because the presumptive sentence for a felony sex crime in Oregon was elevated to life without parole where the offender "has been sentenced for sex crimes that are felonies at least two times prior to the current sentence." ORS 137.719. Petitioner did not take a direct appeal.

Three years later, the Oregon Court of Appeals decided *Gordon v. Hall*, 232 Or. App. 174 (2009). In *Gordon*, the appellate court concluded that a trial attorney rendered ineffective assistance when he did not challenge the use of a suspended sentence as a qualifying predicate for purposes of imposing a true life sentence pursuant to ORS 137.719.

On November 18, 2010, petitioner filed for post-conviction relief ("PCR") in Umatilla County. His PCR Petition raised several claims of ineffective assistance of counsel, none of which were predicated upon his assertion in this case that his 1989 probationary term was not a sentence for purposes of ORS 137.719. Respondent's Exhibit 106. The State moved for summary

3 - OPINION AND ORDER

judgment because the PCR Petition was untimely, and petitioner had waived his right to seek collateral relief when he entered his guilty plea. Respondent's Exhibit 110. The PCR court granted the State's Motion for Summary Judgment and dismissed the case as meritless. Respondent's Exhibits 115-116. The Oregon Court of Appeals dismissed the subsequent appeal *sua sponte* as meritless, and the Oregon Supreme Court denied review. Respondent's Exhibits 118, 122. The appellate judgment became effective May 29, 2012. Respondent's Exhibit 123.

Petitioner filed this federal habeas corpus case on June 20, 2014 raising a variety of challenges to his 2006 Sexual Abuse conviction and resulting life sentence. The State contends petitioner allowed 2,261 untolled days to elapse between the finality of his conviction and the filing of this habeas corpus case, placing it well outside of the one-year statute of limitations contemplated by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Petitioner does not dispute that calculation, but argues that the court should excuse his untimely filing because: (1) he is "actually innocent" of his sentence; (2) statutory and equitable tolling are appropriate where petitioner's trial and PCR attorneys failed to understand that he did not qualify for a true life sentence under ORS 137.719; and (3) the state PCR process was ineffective to protect his rights.

## DISCUSSION

### I. **Actual Innocence**

Habeas corpus petitioners must generally file federal challenges to their state convictions within one year of the time

4 - OPINION AND ORDER

those convictions become final by the conclusion of their direct review. 28 U.S.C. 2244(d)(1)(A). A petitioner who fails to comply with this deadline may overcome such a default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In *McQuiggin*, the Supreme Court underscored that such an exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely that not that no reasonable juror would have convicted [the petitioner].'" *Id* at 1933 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "Without any new evidence of innocence, even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Petitioner in the case at bar does not allege that he is innocent of the underlying criminal conduct of which he was convicted. Instead, he claims to be "innocent" of his true life sentence because his 1989 Rape II conviction resulted in a probationary term that is not considered a "sentence" under Oregon law and therefore did not constitute a qualifying predicate sentence for purposes of ORS 137.719.

Neither the Supreme Court nor the Ninth Circuit has extended the concept of actual innocence to a non-capital sentencing issue, and the Ninth Circuit has recognized that a showing of actual innocence requires a petitioner to demonstrate "that the petitioner is innocent of the charge for which he is

5 - OPINION AND ORDER

incarcerated. . . ." *Gandarela v. Johnson*, 286 F.3d. 1080, 1085 (9th Cir. 2001) (citing *Schlup*, 513 U.S. at 321). In the context of an Oregon inmate who alleged that his consecutive sentences were plainly unlawful under the applicable Oregon statute, the Ninth Circuit concluded that the inmate could not avail himself of the actual innocence exception to procedural default where he failed to establish his factual innocence as to his crime of conviction. *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001).

Where the actual innocence exception to procedural default is firmly rooted in the fundamental question of an inmate's factual innocence as to the crime(s) of conviction, this court declines to extend the actual innocence exception to non-capital sentencing error. *See Bousley v. United States*, 523 U.S. 538, 559 (1998) (actual innocence means factual innocence, not legal insufficiency); *see also Sawyer v. Whitley*, 505 U.S. 333, 340 (1992) (A "prototypical example" of actual innocence "is the case where the State has convicted the wrong person of the crime."); *Johnson v. Knowles,* 541 F.3d 933, 937-38 (9th Cir. 2008) ("the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary **finding of guilt.**") (italics in original, bold added). Consistent with this theme, the Supreme Court in *McQuiggin* extended the actual innocence exception only to those untimely petitioners who can demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have

6 - OPINION AND ORDER

convicted them. 133 S.Ct. at 1928. Jurors do not convict defendants of sentences. Accordingly, petitioner cannot overcome his untimely filing by way of his allegation of sentencing error.

## II. Statutory Tolling

Petitioner next argues that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1) because his trial attorney did not understand that her client had agreed to a sentence that was not supported by his criminal history, and petitioner's PCR attorneys also failed to detect the error even in the wake of *Gordon*. He concludes that he could not reasonably be expected to discover the issue until his appointed attorney in this habeas case discovered it "sometime in the Fall 2015," Memo in Support (#38), p. 23, and reasons that, pursuant to § 2244(d)(1), AEDPA's one-year limitation period was statutorily tolled until that time.

Pursuant to 28 U.S.C. § 2244(d)(1), the one-year period in which to file for habeas corpus relief runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

7 - OPINION AND ORDER

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Petitioner filed this habeas corpus action *pro se* on June 20, 2014 alleging that he was the victim of ineffective assistance of counsel in a variety of particulars beyond the sentencing issue upon which he now focuses. Consequently, he cannot assert that he was effectively precluded from filing this case until his habeas attorney discovered his sentencing issue in the Fall of 2015.

In addition, contrary to his argument here, it is evident from the record that petitioner discovered his sentencing claim without attorney assistance. Where petitioner claims his trial and PCR attorneys failed to advise him of the sentencing issue, he nevertheless specifically included it in his 2014 *pro se* Petition for Writ of Habeas Corpus which he filed before this court appointed an attorney to represent him:

> counsel (both trial and appellate) failed to otherwise object to or effectively object to, or assign error to the imposition of the life sentence pursuant to Or. Rev. Stat. § 137.719. Petitioner['s] 1989 second degree rape conviction was deemed a predicate under Or. Rev. Stat. § 137.719. It was not a predicate because petitioner receive[d] a probation sentence. *See Gordon v. Hall* 232 Or. App. 174 (2009) and *State v. Carmickle*, 307 Or 1, 762 P2d 290 (1988).

Petition (#2), p. 3.

8 - OPINION AND ORDER

Moreover, at the time petitioner entered his guilty plea, he knew the facts that would support his claim of sentencing error and, by extension, ineffective assistance of counsel. Even if he may not have understood the legal significance of those facts at that time, his awareness of the factual predicate of the claim was sufficient for the AEDPA's statute of limitations to commence running. *See* Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001). For all of these reasons, petitioner's statutory tolling argument lacks merit.

## II. **Equitable Tolling**

Petitioner also argues that errors by the prosecutor and his trial and PCR attorneys justify equitable tolling of the statute of limitations. Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

According to petitioner, the prosecutor in his case impeded his ability to challenge his sentence when he: (1) erroneously

9 - OPINION AND ORDER

asserted that the 1989 rape conviction resulted in a qualifying predicate offense under ORS 137.719; (2) either erroneously or vindictively brought additional charges in 2006 that arose from the same course of conduct as the 2005 convictions; (3) stated that two of the 2005 convictions sentenced together were separate predicates to a true life sentence; and (4) demanded that petitioner waive his direct and collateral review remedies in exchange for nothing. The State's filing of criminal charges and negotiation of a plea bargain did not constitute an extraordinary circumstance that rendered it impossible for petitioner to timely file this case.

Petitioner's principal claim for equitable tolling appears to be that his trial and PCR attorneys failed to understand that his sentence was unlawful. He further asserts that trial counsel: (1) told petitioner he could not file a PCR petition; (2) abandoned petitioner when counsel advised him to enter into a plea agreement whereby he waived all collateral challenges, including any such claims against her; and (3) not only failed to understand that her client was not eligible for a true life sentence, but did not understand the law regarding proportionality, double jeopardy, and collateral remedy waivers.

Generally, claims for equitable tolling based upon attorney error do not arise to the level of an extraordinary circumstance sufficient to warrant equitable tolling. *See, e.g., Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney negligence in general does not justify equitable tolling); *Holland*, 560 U.S. at 651-52 ("garden variety" negligence does not warrant equitable

10 - OPINION AND ORDER

tolling). "Justice Alito explained his understanding of the logic behind this framework, reasoning that, 'the principal rationale . . . is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control.'" *Gibbs v. Legend*, 767 F.3d 879, p. 885 (9th Cir. 2014) (quoting Holland, 560 U.S. 657 (Alito, J., concurring)). Equitable tolling based upon attorney performance is only appropriate where: (1) an attorney's performance goes beyond error and amounts to "egregious professional misconduct;" or (2) the attorney abandons her client altogether. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015); *Maples v. Thomas,* 132 S.Ct. 912, 923-24 (2012).

The fact that petitioner's trial and PCR attorneys were not aware that his 1989 probationary term might not qualify as a predicate sentence for purposes of ORS 137.719 is, at most, a legal error imputed to petitioner. While petitioner contends that his trial attorney advised him he could not file a PCR action, not only did counsel dispute this during the underlying PCR action,[2] but such advice would not, and did not, actually prevent petitioner from filing for collateral relief.

Although petitioner casts trial counsel's advice regarding his guilty plea as "abandonment" sufficient to warrant equitable tolling, nothing in the record shows any attorney abandoned petitioner in the sense contemplated by *Maples*. *See Maples,* 132 S.Ct. at 918-20 (two out-of-state attorneys left their law firm without transferring petitioner's case to another attorney or

---

[2]  Respondent's Exhibit 111, p. 1.

11 - OPINION AND ORDER

notifying their client or the state court of their withdrawal such that petitioner never received notice that his appeal was due). Moreover, where petitioner now points to the Oregon Court of Appeals' decision in *Gordon* as the point in time where it became clear that his 2006 sentence was invalid,[3] the fact that it took petitioner another five years to raise the issue *pro se* in a habeas corpus challenge shows that he failed to act diligently, especially where his Petition presents a variety of claims independent of the *Gordon* issue. Equitable tolling is therefore not appropriate.

### III. Ineffective Corrective Process

Finally, petitioner also asserts that the state corrective process was ineffective to protect his rights. Where the PCR court dismissed the action, at least in part, because it was untimely, this does not render the process ineffective. Even if it did, petitioner not only failed to come straight to federal court in the face of an allegedly ineffective state corrective process, but also allowed two additional years to pass after the Oregon Supreme Court denied review in his PCR action and the Appellate Judgment became final. Thus even if the court were to toll the limitation period until his Appellate Judgment issued on May 29, 2012, this case would still be untimely. For all of these reasons, petitioner is unable to excuse his untimely filing.

///

---

[3] As noted earlier, petitioner's Petition grounds his challenge in Oregon law dating back to 1983.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed, with prejudice, as untimely. The court does, however, issue a Certificate of Appealability on the basis that petitioner has made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __20__ day of September, 2016.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

13 - OPINION AND ORDER